PRESTON v. PEOPLE'S SAVINGS BANK OF TRAVERSE CITY.

1. DAMAGES.— BANKS — CERTIFIED CHECK — WRONGFUL DETENTION —INTEREST.

Where plaintiff sent to defendant a certified check for the purchase of defendant's claims against an insolvent lumber corporation, and stated in writing that it was given on condition that a receiver's sale of assets of the insolvent to plaintiff should be confirmed, plaintiff was entitled to the return of the check when the condition was not fulfilled, and, being required by the drawee to borrow enough money to cover the check, which defendant required to be paid, and being forced to pay interest on the loan during the time that the defendant wrongfully withheld the paper, the plaintiff should have been awarded a judgment for the loss so occasioned.

2. SAME—GOOD FAITH—EVIDENCE.

Testimony of the plaintiff that the State banking commissioner directed the drawee bank to charge the certified check to the account of the plaintiff, and that he borrowed sufficient funds to cover the check, and was obliged to pay interest on the loan for nearly two years, after he demanded the return thereof, sufficiently proved the payment in good faith of the money, and warranted a judgment for plaintiff of that amount.

Error to Grand Traverse; Mayne, J. Submitted April 17, 1914. (Docket No. 63.) Decided October 2, 1914.

Assumpsit by Thad B. Preston against the People's Savings Bank of Traverse City and others. Judgment for defendants. Plaintiff brings error. Reversed.

*Nichols, Shaw & Eldred* (*F. C. Miller,* of counsel), for appellant.

*Parm C. Gilbert,* for appellee People's Savings Bank.

182 Mich.—27.

McALVAY, C. J. From a judgment rendered against plaintiff on a trial before the court without a jury in an action of assumpsit to recover certain interest claimed to be due plaintiff on the amount of a certain conditional certified check given by him to defendant, plaintiff has removed the case to this court by writ of error, asking for a reversal.

Many of the facts surrounding this case were before this court in the consideration of the case of *Preston* v. *National Bank of Ionia,* 169 Mich. 571 (135 N. W. 278), which involved another certified check given by plaintiff to that bank at the same time as the check in the instant case was given and under the same circumstances. The following are the material facts in the case: A lumber company at Traverse City became insolvent in 1907, and a receiver was appointed, who qualified and entered upon the duties of his office. By order of the court he offered for sale the assets of the insolvent corporation for which plaintiff offered a bid of $66,906.78, April 1, 1909, and afterwards sent defendant the following letter:

"TRAVERSE CITY, April 10, 1909.
"PEOPLE'S SAVINGS BANK,
     "Traverse City, Mich.
*"Gentlemen:*
     "I will pay you fifty cents cash on the dollar for your present claims against the South Side Lumber Co. Payment to be made when the title to said property under receiver's sale is confirmed in me by the court.
                              "Yours, etc.,
                              "T. B. PRESTON,
          "By GEORGE E. NICHOLS, His Attorney."

Upon which defendant indorsed the following acceptance:

"Accepted, provided a certified check for the amount due under the offer is deposited with this bank within five days from this date with the understand-

ing that in case you do not buy the property checks to be returned.

"PEOPLE'S SAVINGS BANK,
    "By H. S. HULL, President."

On April 14th following, plaintiff wrote defendant as follows:

"IONIA, MICH.; 4-14-09.
"PEOPLE'S SAVINGS BANK,
    "Traverse City, Mich.
"*Gentlemen*:

"I am inclosing you herewith certified check for $7,000 which is to be held by you and not used until the sale * * * is confirmed by the court and papers properly executed and transfers made to me.

"This is in purchase of your claim *vs.* South Side Lumber Company, which amounts approximately to $14,000, and is subject to a revision of the amount whether it may be more or less than this amount—and if it be more, I am to pay you the additional amount, and if it be less, the amount is to be refunded to me. Please signify your acceptance of it and conditions covering it.

"Yours truly,
    "T. B. PRESTON.
"Stenog 7.
"Inclosure."

The check which was inclosed, reads:

"IONIA, MICH., 4-14-09.
"STATE SAVINGS BANK:

"Pay to the order of T. B. Preston $7,000.00, seven thousand dollars.

"STATE SAVINGS BANK BRANCH,
            "Ionia, Mich.
                "T. B. PRESTON."

Indorsed upon the face of said check appeared the following certification:

"Certified Apr. 14, 09. Good when properly indorsed.

"STATE SAVINGS BANK, IONIA, MICH.,
        "A. J. HEMINGWAY, A. Cas."

It was indorsed on the back by plaintiff:

"Pay to People's Savings Bank, Traverse City, Mich., subject to terms of my letter of Apr. 14-09.
                                        "T. B. PRESTON."

Defendant promptly acknowledged receipt of the letter and check, as follows:

"T. B. PRESTON,
            "Ionia, Mich.
"*Dear Sir:*
"This bank has received your letter of the 14th inst., inclosing certified check for $7,000 conditioned as stated in yours inclosing same.
                        "Very truly yours,
                        "M. O. ROBINSON, Cashier."

Later, after the sale to plaintiff was not confirmed, he wrote defendant the following letter, demanding a return of the certified check:

                                "IONIA, MICH., 7-9-09.
"PEOPLE'S SAVINGS BANK,
        "Traverse City, Mich.
"*Gentlemen:*
"On the 14th of April, 1909, I sent you certified check for $7,000 under the following conditions:
"To be held by you and not used until the sale of the entire property of the South Side Lumber Company was confirmed by the court, and the papers properly executed and transfer made to me. These conditions were in pursuance of an agreement made between us April 10, 1909, and this agreement was made in view of a bid I made for the properties and assets of the South Side Lumber Company of $66,906.78, of which you had knowledge. The property of said company was struck off to me the 28th day of May and the court confirmed the sale the 5th day of June, but before title was conveyed to me by the receiver, the court, on application of certain creditors, vacated the whole matter and ordered resale and of all these matters you had notice.
"Therefore, by reason of the action of the court our negotiations are ended and the contract canceled and I therefore respectfully demand the return of the

certified check inasmuch as the provisions under which it was delivered to you have not been met.

"Kindly let me hear from you at once and oblige.

"Yours truly,
"T. B. PRESTON.

"Stenog. No. 7."

To which defendant replied as follows:

"July 14, 1909.

"T. B. PRESTON,
"Ionia, Mich.

"*Dear Sir:*

"This bank has received your letter of the 9th inst., relative to the South Side Lumber Co. deal and the same will be referred to the board of directors at an early meeting. I might say that our Mr. Hull will be home this week, as I am informed.

"Very truly yours,
"M. O. ROBINSON, Cashier."

Defendant did not return the check, but held it until August 18, 1910, and then sent it forward for collection. Upon presentation payment was refused by the bank of issue. It was then protested and such protest indorsed on the check, as follows:

"Protested for nonpayment, August 18, 1910. M. M. McGeary, Notary Public."

Defendant afterwards held this check without explanation or excuse until July 16, 1912, when it was returned to plaintiff by letter stating that it was returned under advice. The record shows that at the time this check was given plaintiff was vice president, director, and a stockholder of this bank, and also that later he became its president. It appears from his testimony that the certified check was not charged up to his account at the time of its issue, and was not so charged until July 30, 1910, when this was done under the direction of the State banking commissioner, who came to Ionia in regard to the matter and required that it should be charged to plaintiff's account. Plaintiff at that time borrowed $7,000, the

amount of the certified check, on his individual note, bearing interest at the rate of 6 per cent., which amount was passed to his credit. This note was carried by him until April 27, 1912, and interest was paid thereon for that time. The sole question in this case is whether upon these facts the court should have rendered judgment in favor of plaintiff for interest.

The appellant contends that upon the undisputed facts in the case the court, as requested, should have entered a judgment in favor of plaintiff, either for interest on the amount of the certified check from the date demand was made by plaintiff for its return, as is shown by the letter to defendant, July 9, 1909, or from July 30, 1910, the date plaintiff was required to protect the certified check by making his account good by borrowing money from the bank for that amount when it was charged against him. The contention of defendant is that plaintiff and all of the officers of the bank were acquainted with all the facts, and that there was no need to borrow money and pay interest, for the reason that the conditions upon which the certified check was given were never complied with and, if required, a noninterest-bearing note or a bond could have been given by plaintiff to protect the bank. This contention is upon the theory that it was plaintiff's duty to occasion the least damage possible to defendant.

It is admitted on the part of plaintiff that the requirements of the banking law were not followed at the time this check was certified by the bank of issue. The claim is made that the record does not show the facts stated relative to the action of the banking commissioner, and therefore it is not for the consideration of the court. This was the view taken by the trial court. The testimony of plaintiff in the case is undisputed, and is as stated herein. Plaintiff was present and testifies clearly as to what occurred.

Defendant paid no attention to the request by plaintiff made in writing on July 9, 1909, for the return of this check, although receipt of such request was acknowledged. Defendant unlawfully kept this check in its possession for more than three years, during a large part of which time plaintiff paid interest on the money borrowed at the rate of 6 per cent., as required by the bank. That this interest was paid is not disputed. Plaintiff paid it upon a written obligation so to do. The fact that he was a stockholder and an officer of the bank, and that the bank itself, through its officers, had knowledge of all the facts relative to the check is immaterial to this issue. The bank had a right to require the payment of interest upon borrowed money. The court was in error in not finding, as requested, that plaintiff had paid this interest in good faith. The court was also in error in not finding and entering a judgment for the plaintiff in this case.

The only question to be considered upon that proposition is what the amount of such judgment should have been. Plaintiff suffered no actual loss, which can be considered in measuring damages in this case, until July 30, 1910, when he gave his note for $7,000, with interest at the rate of 6 per cent., which he paid, until April 16, 1912, when the check was returned and he took up his note. This is a mere matter of computation and amounts to $721. This is the amount of plaintiff's actual damages and the amount for which a judgment should have been entered in his favor in the court below.

The judgment of the circuit court is reversed, and the case will be remanded to the circuit court with directions to said court to enter a judgment in favor of plaintiff and against defendant for the above amount, together with costs of both courts to be taxed.

BROOKE, KUHN, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.