## BUSHAW v. DARLING.

1. DAMAGES—VENDOR AND PURCHASER—STIPULATED DAMAGES.
   Money deposited in a bank by the buyer to be paid as part of the purchase price for real estate and personal property may not be treated as stipulated damages, where the deal fell through, in the absence of any provision in the contract for damages.

2. APPEAL AND ERROR—PLAINTIFFS BOUND BY DECLARATION.
   The Supreme Court will decline to discuss a question urged by plaintiffs in this court which is contrary to the declaration and position they assumed in the trial court.

3. VENDOR AND PURCHASER—DEFAULT—DAMAGES—PURCHASE PRICE.
   Where the vendors of real estate, after the deal to sell to defendants fell through, sold the premises to other parties and thereby put it out of their power to convey they are not entitled to money deposited with a bank as part of the purchase price.

Error to Mason; Cutler (Hal. L.), J.   Submitted April 9, 1924.   (Docket No. 19.)   Decided June 2, 1924.

Assumpsit by David Bushaw and another against James P. Darling and another for an amount paid on a land contract.   Judgment for defendants on a directed verdict.   Plaintiffs. bring error.   Affirmed.

*F. E. Wetmore,* for appellants.

*Robert J. Quail,* for appellees.

CLARK, C. J.   Plaintiffs as first parties and defendant Darling as second party entered into a contract.   We quote in part:

"Said parties of the first part agree to sell for

fourteen thousand dollars ($14,000) the following described real estate and personal property on the following terms: two thousand dollars ($2,000), deposited this day with the People's State Bank of Scottville, the balance to be paid on or before December 1, 1920, at which time said parties of the first part are to deliver to the said party of the second part a good and sufficient warranty deed and abstract showing good title and also a bill of sale of the following listed personal property. The purchase price covers the following described real estate:" etc.

Darling deposited the $2,000 in the bank. He paid in no more. The bank returned the deposit to him. The deal fell through. Plaintiffs sued both the bank and Darling for the $2,000. The theory of the declaration is that the sum was "forfeit money," and that it had been forfeited. The declaration avers that the contract was one to sell and to purchase, and that was also plaintiffs' position in the trial court. Damages for breach of contract by Darling or for wrongful return of the money by the bank are not claimed. Before the trial, plaintiffs sold the property in question. Defendants had judgment on directed verdict. Plaintiffs bring error.

The theory of forfeiture is abandoned by plaintiffs here. That the sum was stipulated damages is suggested. But the contract has no provision respecting damages. It is urged here that the writing is a mere option to purchase, but, because of plaintiffs' declaration and their position in the trial court, we decline to discuss the question. Plaintiffs were to have received the sum as a part of the purchase price. But, having sold the property and put it out of their power to convey, they are not entitled here to any purchase money.

Judgment affirmed.

MCDONALD, BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.