## GUSTIN *v.* ZIEM.

1. TAXATION—REGULARITY OF PROCEEDINGS.
   In ejectment action against holder of interest purchased at tax sale, finding of court that proceedings taken for the sale of the lands for taxes were in compliance with the general tax law of the State *held,* supported by the record.

2. APPEAL AND ERROR—EJECTMENT—FORMAL OBJECTION—QUESTIONS REVIEWABLE.
   On appeal in ejectment against holder of interest purchased at tax sale, formal objection to introduction in evidence of the sheriff's return on the notice of reconveyance upon the ground that it was irrelevant, incompetent, and immaterial cannot be considered.

3. SAME—THEORY ON APPEAL.
   A case in the Supreme Court will not be reviewed on a theory different from that on which it was tried below.

4. TAXATION—RETURN OF SERVICE OF NOTICE OF RECONVEYANCE.
   Sheriff's return of service of notice of reconveyance from holder of interest purchased at tax sale showing it was made upon plaintiffs, husband and wife, was valid even though it failed to state they were tenants by the entireties of the lands involved.

5. EJECTMENT—RECOVERY BY PLAINTIFF ON STRENGTH OF OWN TITLE.
   In ejectment cases plaintiffs may recover only upon the strength
   of their own title and not because of the weakness or want of
   title of defendants.

Appeal from Alpena; Smith (Fred P.), J. Submitted April 14, 1939. (Docket No. 19, Calendar No. 39,942.) Decided June 6, 1939. Rehearing denied September 6, 1939.

Ejectment proceeding by Henry K. Gustin and wife against Grace Ziem to recover possession of certain real estate. Judgment for defendant. Plaintiff appeals. Affirmed.

*Henry K. Gustin,* for plaintiffs.

*Isadore Isackson,* for defendant.

SHARPE, J. Plaintiffs began suit in ejectment to recover possession of the following described property: N½ of NW¼ sec. 16, SE¼ of NW¼ sec. 16, S½ of SW¼ sec. 16, NW¼ of SE¼ sec. 16, SW¼ of SE¼ sec. 16, N½ of NW¼ sec. 21, and SE¼ of NE¼ sec. 21, T 29 N, R 6 E, Alpena county, Michigan.

The original title to all of the above descriptions excepting the SE¼ of NE¼ of section 21, town 29 north, range 6 east came from the State of Michigan to William H. Sanborn and thence to Nicholas J. Foley. On July 19, 1913, the auditor general of the State of Michigan conveyed by tax deed all of the descriptions excepting the SE¼ of SW¼ of section 16, town 29 north, range 6 east, to Jared C. Church. Church subsequently died and his interests vested in Verne C. Fowler and Velma C. Davenport who quitclaimed to Florence V. Gustin the above-described property except the SE¼ of SW¼ of section 16, town 29 north, range 6 east.

December 5, 1930, plaintiffs received a quitclaim deed of the mentioned property. On January 11, 1932, Matilda Foley, executrix of the estate of Nicholas J. Foley, deceased, and residuary legatee of said estate, quitclaimed to plaintiffs the so-called "Foley lands."

The history of the SE¼ of the NE¼ of section 21, town 29 north, range 6 east, shows that the above land was sold by the State of Michigan to Edward E. Ayer; from Ayer and wife to Huron Land Co., Ltd.; and from Huron Land Co., Ltd., to Florence V. Gustin.

On August 29, 1931, the auditor general of the State of Michigan conveyed by State tax deed to Ruth M. McDonald all of the descriptions involved in this controversy for the taxes for the year 1927. Notice of reconveyance under date of September 21, 1931, was served on plaintiffs covering all the lands in this case. This notice was properly signed by Ruth M. McDonald.

Another notice of reconveyance, properly signed by Ruth M. McDonald, was served on Matilda Foley, residuary devisee and sole heir at law under the last will and testament of Nicholas J. Foley, deceased. The date of service was September 30, 1931. The notice covered all of the descriptions included in this action except the SE¼ of NE¼ of section 21, town 29 north, range 6 east. On May 21, 1932, Ruth McDonald conveyed by quitclaim deed to Grace Ziem, the defendant herein, all descriptions involved in this controversy.

The record shows that Nicholas J. Foley died October 30, 1926; that at the time of his death his heirs at law were his widow, Matilda Foley, his daughter, Cora Robertson, and Earl Foley, son; that his estate was probated in Alpena county; and that the estate was duly closed, but that the probate proceedings

including the will were not put on record in the office of the register of deeds of Alpena county. The record also shows that on September 30, 1931, the sheriff made the following return as to certain of the above-mentioned property:

"I served upon Matilda Foley, residuary devisee and sole heir at law under the last will and testament of Nicholas J. Foley, deceased, a notice of which the above notice is an exact duplicate, by delivering said notice to said Matilda Foley personally."

And that on the 2d day of October, 1931, the sheriff made the following returns as to the other property herein mentioned:

"I served upon Henry K. Gustin a notice of which the above notice is an exact duplicate, by delivering said notice to said Henry K. Gustin, personally. * * * "I served upon Florence V. Gustin, wife of Henry K. Gustin, a notice of which the above is an exact duplicate, by delivering said notice to said Florence V. Gustin personally."

When the cause came on for trial, plaintiffs were permitted to and did introduce in evidence a quitclaim deed from Velma C. Davenport and Verne C. Fowler to Florence V. Gustin, recorded April 2, 1926; a quitclaim deed from Richard H. Deadman and wife to Henry K. Gustin and Florence V. Gustin, as tenants by the entireties, recorded December 5, 1930; a quitclaim deed from Matilda Foley to Henry K. Gustin and Florence V. Gustin, his wife, recorded January 28, 1932; and a quitclaim deed from the Huron Land Company, Ltd., to Florence V. Gustin which deed was later transferred to plaintiffs as tenants by the entireties and recorded December 5, 1930.

When defendant offered to show her title to the premises, plaintiffs objected to the proof by the de-

fendant of the filing of the petition of the auditor general for sale of the mentioned lands in 1930 for the taxes of 1927; likewise the proof of the publication of the order, proof of the journal entries showing the days on which the petition was heard, the decree, and the report of the sale upon the grounds that it was incompetent, immaterial and irrelevant; and that there was no authority under the law of the State of Michigan for the proceedings taken by the auditor general of the State of Michigan in authorizing the several parcels of land to be sold on a tax sale.

The trial court found that the proceedings taken for the sale of the land were in compliance with the general tax law of the State of Michigan; that the notices of reconveyance caused to be served by the defendant were in proper form and in compliance with the tax law, that they were properly served on all parties entitled to notice; that none of the parties entitled to redeem have redeemed said lands; and that defendant was not guilty of unlawfully withholding possession of the premises.

Plaintiffs appeal and contend that there was no proof that defendant Ziem had purchased the interests of Ruth McDonald in the tax deeds; that there was no proof to substantiate the validity of the tax deeds; and that the notices of reconveyance were not properly served or served upon the proper parties.

We are in accord with the finding of the trial court that the proceedings taken for the sale of the lands by the auditor general were in compliance with the general tax law of the State of Michigan. The proceedings show that the statute was conformed to in every detail. The record also shows that defendant Ziem received title to the premises by a quitclaim deed dated May 21, 1932, and recorded in the office of the register of deeds of Alpena county on November 6, 1933.

We do not find it necessary to pass upon the service of the notice of reconveyance as to the so-called "Foley property." When the cause was being tried no objection was made that service had not been made upon the proper parties. When the cause was being tried plaintiffs' counsel objected to the introduction in evidence of the sheriff's return on the notice of reconveyance upon the ground that it was irrelevant, incompetent and immaterial and for the further reason that the law is unconstitutional. In this case the objection to the evidence on the formal ground that it was irrelevant, incompetent and immaterial cannot be considered on appeal. See *Michigan State Insurance Co.* v. *Soule,* 51 Mich. 312; *Churchill* v. *Mace,* 148 Mich. 456.

In plaintiffs' brief on review by our court, plaintiffs appear to have abandoned their theory that the tax law is unconstitutional and rely upon defendant's grantor's failure to serve the proper parties with the notice of reconveyance. We have repeatedly held that a case in the Supreme Court will not be reviewed on a theory different from that on which it was tried below. *Carby* v. *Combs,* 166 Mich. 347; *Preston* v. *National Bank of Ionia,* 169 Mich. 571; *Bushaw* v. *Darling,* 227 Mich. 383.

During the trial of the cause, plaintiffs objected to the sheriff's return of service of notice upon plaintiffs of the property obtained from the Huron Land Company; and contend that the "return" should state that Henry K. Gustin and Florence V. Gustin are tenants by the entireties. The return shows service upon Henry K. Gustin and Florence V. Gustin, wife of Henry K. Gustin.

In *Dunn* v. *Peck,* 255 Mich. 391, we said:

"Service of the notice being thus admitted, a return of such service will not be held fatally defective merely because it shows service on Will Dunn instead of William H. Dunn."

And in *Weston* v. *Moore,* 265 Mich. 165, we said:

"Appellant contends that the tax notices addressed to the 'Northwestern Timberland Co.,' without stating that the company was a corporation, were fatally defective. This contention has no merit."

In the case at bar, the notices were served by the sheriff unlike the service made in *Stockwell* v. *Curtis,* 279 Mich. 388, and in our opinion there was a valid service. In ejectment cases plaintiffs may recover only upon the strength of their own title and not because of the weakness or want of title on defendants.

The judgment of the trial court is affirmed, with costs to defendant.

Butzel, C. J., and Wiest, Bushnell, Potter, Chandler, North, and McAllister, JJ., concurred.