## PORTELL *v.* FELDMAN.

1. APPEAL AND ERROR—QUESTIONS REVIEWABLE—PLEADINGS—TRIAL.
   Questions not raised in the pleadings or argued at the trial level in a case are not properly before the Supreme Court on appeal from decree rendered in fifth action of one kind or another between parties to land contract, as case will not be reviewed in Supreme Court on a theory different from that on which it was tried below.

2. SAME—QUESTIONS REVIEWABLE—VENDOR AND PURCHASER—DEFAULT.
   Defendant purchasers under land contract, sought to be foreclosed in chancery, and which was sold to plaintiff at auction on foreclosure sale for total amount due, were not entitled to consideration of questions which might have evolved from previous litigation between the parties but were not raised either by the pleadings or at the trial below, such as liability of purchasers for deficiency and tender of deed as a condition precedent to action for balance due or damages; and sole question raised in instant action was whether or not there was any default.

3. WITNESSES—COMPETENCY.
   A trial court must and should hear and weigh the noncumulative testimony of any competent witness having knowledge of the relevant facts.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 3 Am Jur, Appeal and Error § 820.
[5] 55 Am Jur, Vendor and Purchaser § 460.
Vendor's remedy by foreclosure of contract for sale of real property. 77 ALR 270.

4. Vendor and Purchaser—Foreclosure of Land Contract—De-
fault—Evidence—Witnesses.

    It was not improper to admit testimony of a witness in chancery
    foreclosure of a land contract as to facts relevant to sole
    issue of default by purchasers, where such witness was an
    agent of the purchasers and had an intimate knowledge of
    the facts, but was not a party to the contract as ultimately
    executed.

5. Same—Foreclosure—Deficiency—Sales—Prejudice.

    Error, if any, of trial court in entering a deficiency decree in
    chancery foreclosure proceedings after waiver thereof by
    plaintiff's counsel in open court was rendered nonprejudicial
    by plaintiff bidding in the property at the foreclosure sale
    for the full amount due on the contract.

Appeal from Wayne; Culehan (Miles N.), J. Sub-
mitted October 16, 1958. (Docket No. 73, Calendar
No. 47,816.) Decided December 3, 1958.

Bill by Joseph G. Portell against Becky Feldman,
also known as Becky Schlussel, Minnie Feldman and
Ben Feldman for foreclosure of land contract. De-
cree for plaintiff. Defendants appeal. Affirmed.

*Joseph P. Uvick* (*Wilbur M. Brucker, Jr.,* of coun-
sel), for plaintiff.

*O'Brien & Nertney* (*Isaac M. Smullin,* of counsel),
for defendants.

Voelker, J. This case involves the chancery fore-
closure of a land contract. The plaintiff Joseph G.
Portell and one of the defendants, Ben Feldman,
entered into a preliminary agreement on July 25,
1952, wherein plaintiff agreed to sell and Ben Feld-
man agreed to buy the property in question for $20,-
000. The sale was to be consummated by the execu-
tion of a land contract calling for the payment of
$5,500 in cash and the balance in monthly instalments
of not less than $150. On September 2, 1952, de-

fendants Becky Feldman and Minnie Feldman were substituted as purchasers at the request of Ben Feldman and with the consent of the plaintiff. Subsequently a land contract embracing these terms was signed by plaintiff as seller and Becky and Minnie Feldman as purchasers pursuant to the amended preliminary agreement.

Shortly after signing the contract the 2 contracting defendants defaulted on their monthly payments and forfeiture proceedings appear to have been commenced against them by the plaintiff, which were ultimately dismissed. Since that time the parties seem to have engaged in a continuous round of litigation, this apparently being the fifth action of one kind or another initiated by one side or the other. In our present case the plaintiff in his bill alleged default on the part of the defendants on the land contract, who in turn denied any default, thus forming the sole issue litigated below.

After hearing, the chancellor found that the defendants were in default and decreed that the property should be sold at foreclosure sale, that the proceeds therefrom should be paid over to the plaintiff, and that in the event the proceeds were insufficient to pay the amount found to be due, a deficiency decree would be entered for the balance. The property was sold at auction to the plaintiff, who bid the total amount due, thus eliminating the possibility of any deficiency.

Appellants' first 3 questions on appeal are:

"1. If a vendor exercised his option to declare the contract at an end, may he change his position and thereafter hold the purchaser liable to complete the purchase or pay any part of unpaid purchase price?"

"2. Is the tendering of a deed a-condition precedent to an action on land contract for balance of purchase price?"

"3. In action to recover balance of purchase price due under a land contract where no deed is tendered before the action is brought and where no proofs were offered as to the value of the land, did the vendor establish a basis for recovery of damages?"

We assume that the first of these questions grows out of some of the previous legal actions between the parties, as above indicated. In any case we find that none of the questions concern subjects which were raised in the pleadings or argued at the trial level in this case and thus are not properly before us for review. The pleadings and record on appeal indicate that the sole contested question presented and argued at the hearing below was whether or not there was any default. Mr. Freed, one of the defendants' lawyers, there said:

"The only issue before this court is whether or not there is a default in this particular land contract as of the date of the allegation pertinent."

In *Gustin* v. *Ziem,* 289 Mich 219, 224, we said:

"We have repeatedly held that a case in the Supreme Court will not be reviewed on a theory different from that on which it was tried below."

These questions, not having been presented below, will accordingly receive no further consideration here.

Appellants' fourth contention is that the admission of the testimony of Ben Feldman was improper because he was not a party to the contract. To accept this argument would be to hold that in a foreclosure suit on a land contract the chancellor must disallow and disregard any and all offers of testimony from witnesses who are not formal parties to the contract. This is not the law and we will not impose such a rule. Obviously the trial court must and should hear and weigh the noncumulative testimony

of any competent witness having knowledge of the relevant facts. We believe that Ben Feldman was such a witness. That he had intimate knowledge of the facts is not disputed—Becky Feldman was his wife and Minnie was his mother and he was their agent. Appellants' contention is, therefore, without merit.

Appellants' final allegation of error is that the trial judge should not have entered a deficiency decree after such had been waived by plaintiff's counsel in open court. This error, if any, was rendered non-prejudicial by the plaintiff bidding in at the foreclosure sale for the full amount due on the contract. Defendants should not be heard to complain that they got off easier than they might have.

Finding no reversible error, we must affirm the decree of the trial court, with costs to the appellee.

DETHMERS, C. J., and CARR, SMITH, BLACK, EDWARDS, and KAVANAGH, JJ., concurred.

KELLY, J., did not sit.