## ARRETT *v.* JANKS.

1. APPEAL AND ERROR — NONJURY CASES — PREPONDERANCE OF EVIDENCE.

   The Supreme Court does not reverse the finding of fact in a nonjury law action unless convinced the evidence preponderates in the opposite direction as the trial judge had the opportunity to observe and hear the witnesses.

2. GIFTS—INTER VIVOS—PREPONDERANCE OF EVIDENCE.

   Judgment for defendant, stepson of plaintiff, in action to recover proceeds of life insurance policy check which had been indorsed by plaintiff over to defendant *held,* not against preponderance of evidence, where it appears insured had paid premiums out of her own funds, and defendant alleged it to be a gift *inter vivos.*

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 3 Am Jur, Appeal and Error §§ 895–912.
[2] 24 Am Jur, Gifts § 20 *et seq.,* § 114 *et seq.*
[3] 3 Am Jur, Appeal and Error §§ 246–258.
[4] 41 Am Jur, Pleading §§ 293, 309, 310.
[5] 20 Am Jur, Evidence §§ 450–454.

3. APPEAL AND ERROR—QUESTIONS REVIEWABLE—FRAUD—UNDUE IN-
FLUENCE—FIDUCIARIES.

    Claim that defendant stepson, an experienced businessman, stood
    in a fiduciary relation to plaintiff, who was not quite competent
    to understand the nature of his act, and had failed to prove
    freedom from fraud and undue influence upon plaintiff, not
    having been raised and tried in the trial court, will not be dis-
    posed of on appeal to the Supreme Court.

4. PLEADING—AMENDMENT—DISCRETION OF COURT—EVIDENCE.

    It was not an abuse of discretion on the part of the trial court
    to deny amendment of the declaration to accord with theory
    of loan as what plaintiff alleged the proofs to be, pursuant
    to motion made at conclusion of plaintiff's proofs, where re-
    covery might have been had under the common counts had
    plaintiff offered sufficient proofs.

5. EVIDENCE—HEARSAY.

    Testimony of third parties as to conversations had with plaintiff's
    wife prior to her decease, being hearsay, was not admissible
    in widower's action against stepson for proceeds of insurance
    company's check which plaintiff had indorsed at stepson's direc-
    tion.

Appeal from Wayne; Martin (Rex B.), J., pre-
siding. Submitted October 12, 1961. (Docket No.
66, Calendar No. 48,907.) Decided December 28,
1961.

Action by Andrew F. Arrett against Robert B.
Janks for money loaned. Judgment for defendant.
Plaintiff appeals. Affirmed.

*Joseph Marvaso,* for plaintiff.

*Frank Selwa,* for defendant.

KAVANAGH, J. Plaintiff sued defendant, the son
of his deceased wife, to recover what he claims to
have been a $6,000 loan. Plaintiff declared in the
first count of his declaration on the theory of a loan.
The second count was upon the common counts.

Defendant in his answer denied the $6,000 was a loan and denied each of the common counts. He admitted nonpayment, but denied that plaintiff was entitled to any judgment whatsoever.

The case was tried in the lower court without a jury. Testimony revealed the plaintiff, who lived alone after the death of his wife, was the named beneficiary in an insurance policy taken out by his wife in the amount of $6,000. The record further revealed the premiums on the policy were paid out of moneys earned by the wife. Plaintiff's stepson, who is the defendant in this case, came to see him about 10 days after the wife's death, telling him he had received the insurance check, but since it was made out in plaintiff's name he would have to indorse it. Plaintiff indorsed the check and returned it to defendant.

Plaintiff's case was filed and tried on the theory of a loan. At the conclusion of plaintiff's proofs, plaintiff sought to amend the declaration to change the theory of his case to conform with the proofs. Plaintiff contended the $6,000 was given to defendant under a misunderstanding, and when the resultant confusion was removed from the mind of plaintiff, he desired his money returned, since no gift to defendant was ever intended.

The motion to amend was denied. The trial judge, after listening to the testimony, found plaintiff had not sustained the burden of proof of showing a loan nor sustained the burden of proof under the common counts. He did find, as a matter of fact, that defendant had shown by a preponderance of the evidence a gift of the money to defendant by plaintiff. The trial judge further found, as a matter of fact, that plaintiff thought his wife would have preferred defendant to have this money as it was actually earned by the mother and was the mother's own property.

The trial judge entered a finding for defendant and a judgment of no cause for action.

Plaintiff appeals contending the trial court was in error in holding plaintiff had the burden of proof. Plaintiff contends that in an action for moneys paid over without consideration, where defendant alleges ownership by gift *inter vivos,* the burden of proof shifts to defendant to prove such gift. He further contends the trial court erred in finding the defendant proved the gift *inter vivos* by a preponderance of the evidence.

The trial judge had the opportunity to observe and hear the witnesses, to listen to their testimony, and this Court does not reverse in a law action the finding of a trial judge in a trial without a jury unless convinced the evidence preponderates in the opposite direction. *Karpp* v. *Royer,* 362 Mich 64; *Lynes* v. *J. R. Heineman & Sons, Inc.,* 363 Mich 276. An examination of the record does not lead us to such a conclusion.

Plaintiff contends that where a party is not quite competent to understand the nature of his act, the defendant, being an experienced businessman, standing in a fiduciary capacity, bears the burden of proving freedom from fraud and undue influence. No fraud or undue influence is alleged in the declaration and none was proved. The case was not tried in the lower court on this theory and such an issue was not raised in the pleadings. No issue will be disposed of on appeal in this Court which was not raised in the lower court. *Portell* v. *Feldman,* 354 Mich 611; *Gustin* v. *Ziem,* 289 Mich 219.

No error was committed in denying plaintiff's motion to amend his declaration in accordance with what he alleged the proofs to be. Had the plaintiff offered sufficient proofs, he would have been able to recover under the common counts without amend-

ment. No abuse of the trial court's discretion has been shown.

The testimony of third parties as to conversations with plaintiff's wife prior to her decease was hearsay and therefore not admissible evidence.

The judgment of the lower court is affirmed. Costs to defendant.

DETHMERS, C. J., and CARR, KELLY, BLACK, ED-WARDS, SOURIS, and OTIS M. SMITH, JJ., concurred.