SMITH *v.* GILLES

Opinion of the Court

1. Appeal and Error—Preserving Questions for Review.
   A party cannot raise on appeal an issue which he failed to raise at trial.

2. Limitations of Acts—Negligence—Type of Action.
   Plaintiffs' action was barred by the three-year statute of limitations where their complaint alleged that the defendant-

References for Points in Headnotes

[1, 3] 4 Am Jur 2d, Appeal and Error §§ 491, 492.
[2] 51 Am Jur 2d, Limitation of Actions §§ 433, 434, 445.
  Estoppel to rely on statute of limitations. 24 ALR2d 1413.

insurance company, the insurer of the defendant-driver in the action, had indicated a willingness to settle the plaintiffs' claim arising from an automobile negligence action, that the plaintiffs' failure to timely bring their action was due to their reliance on the promise to settle, and that the plaintiffs, having relied on the promise, should be allowed to bring their negligence action, because the underlying damages sought to be recovered are within the realm of personal injuries and damage to property, not of a contractual nature.

CONCURRING OPINION BY O'HARA, J.

3. APPEAL AND ERROR—ISSUE TIMELY RAISED—SCOPE OF REVIEW.
*An appellate court will not pass upon an issue not raised in the trial court.*

Appeal from Houghton, Stephen D. Condon, J. Submitted Division 3 October 15, 1970, at Marquette. (Docket No. 7,052.) Decided November 30, 1970.

Complaint by Helen Smith and Thomas Smith against Edward Joseph Gilles and Employers Mutual of Wassau for damages for injuries incurred in an automobile accident. Accelerated judgment for defendants. Plaintiffs appeal. Affirmed.

*Wisti, Jaaskelainen & Bourland,* for plaintiffs.

*Messner, LaBine & Vairo,* for defendants.

Before: FITZGERALD, P. J., and McGREGOR and O'HARA,* JJ.

FITZGERALD, P. J. The plaintiffs, Helen Smith and her husband, Thomas Smith, appeal from an accelerated judgment for defendants Edward Gilles

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

and Employers Mutual of Wassau, entered on March 5, 1969. The original action was commenced on September 17, 1968, as a result of injuries sustained by plaintiffs when their automobile was involved in a collision with a vehicle owned and operated by defendant Gilles on March 15, 1965, in Ripley, Michigan.

Count I was an ordinary automobile negligence complaint alleging the accident and resulting injuries and damages. However, Count II was against defendant insurance company on the theory that as Gilles' liability carrier it had indicated a willingness to settle, but it had failed to advise plaintiffs of the three-year statute of limitations and its conduct constituted a contract to the effect that it would settle at any time. It was also alleged that plaintiffs relied upon this promise and should have been allowed to bring the action despite the fact that the three-year statute of limitations had run.

In granting defendants' motion for accelerated judgment, the court ruled that both counts sounded in tort and plaintiffs' claim was, therefore, barred by the three-year statute of limitations. Plaintiffs now question the propriety of the trial court's actions in granting defendants' motion for accelerated judgment. They contend that the conduct of the defendants raised a jury question whether defendants were estopped from asserting the statute of limitations, and whether, by the granting of the accelerated judgment, plaintiffs were deprived of a jury trial on the issues. Defendants argue that plaintiffs failed to raise the estoppel theory in their complaint or during arguments on the motion for accelerated judgment and that review on such a theory would be fundamentally unfair.

There is no question that a party cannot raise on appeal an issue which he failed to raise at trial. *Gustin* v. *Ziem* (1939), 289 Mich 219; *Portell* v. *Feldman* (1958), 354 Mich 611; and *Dwelley* v. *Tom McDonnell, Inc.* (1952), 334 Mich 229. The actual question in the present case is whether plaintiffs had, in fact, raised the estoppel theory in the initial pleadings. An examination of plaintiffs' pleadings, specifically, Count II of the complaint, leaves us with considerable doubt. It appears that plaintiffs have alleged a breach of contract and resulting damages. We note upon an examination of the record that the trial court was fundamentally concerned with whether the cause of action was in tort or in contract. The parties were asked to file briefs within 30 days to set forth their positions. However, plaintiffs chose to file no brief.

In light of these findings, we are compelled to rule that plaintiffs, having failed to raise the estoppel argument in the trial court, and certainly bare allegations of a contractual nature cannot be considered as such, are thereby barred from appellate review of the issue. To grant review now would certainly violate all principles of fairness as well as being in complete derogation of the finality of a trial court's determination. In *Gustin, supra,* the Supreme Court characterized the law on this point by stating: "We have repeatedly held that a case in the Supreme Court will not be reviewed on a theory different from that on which it was tried below."

Plaintiffs also contend that their alternative claim against defendant Employers Mutual was properly founded on either contract or fraud and that the trial court erred in viewing the action entirely in tort. In reading Count II of plaintiffs' complaint, at first glance it would appear that an implied contract has been pleaded and substantial resulting injuries from

its breach have occurred. However, a closer examination demonstrates that the underlying damages for which recovery is sought are clearly within the realm of personal injuries and damage to property and are not of a contractual nature.

Despite the fact that in Count II of plaintiffs' complaint the alleged wrongdoing appears, at least superficially, contractual in nature, this Court must look to the real nature of the wrong. *Nelson* v. *Michigan Bean Company* (1970), 22 Mich App 540. This wrong lies essentially in tort and the action was rightfully barred by the three-year statute of limitations applicable to tort claims. Plaintiffs will not be permitted to do indirectly what they are directly barred from doing under the statute of limitations. Therefore, it is the holding of this Court that the trial court was correct in viewing this action as one in tort rather than contract. See *Coates* v. *Milner Hotels, Inc.* (1945), 311 Mich 233; *Baatz* v. *Smith* (1960), 361 Mich 68; and *State Mutual Cyclone Insurance Company* v. *O & A Electric Cooperative* (1968), 381 Mich 318.

Affirmed. Costs to appellees.

McGregor, J., concurred.

O'Hara, J. (*concurring*) To me the meritorious question in this case is whether the defendant insurer was estopped to plead the three-year statute of limitations.

I agree with Judge Fitzgerald that the question is not before us on review.

It is difficult enough for a trial judge to pass on issues that are before him, without having to pass on those upon which he asks for briefs and none is furnished by the pleading party.

In view of the situation in the case at bar, I cannot pass on the estoppel question. Hence, I concur with Judge Fitzgerald.