HENRY v. FORD MOTOR CO.

1. WORKMEN'S COMPENSATION — UNEMPLOYMENT COMPENSATION — TOTAL DISABILITY.

Employee who, after being given lighter work because of an injury, was laid off and thereafter received benefits under the unemployment compensation act which necessitated a finding that plaintiff was able to work and was available for work was not thereby precluded from thereafter recovering workmen's compensation for same period for total disability (2 Comp. Laws 1929,. § 8429; Act No. 1, Pub. Acts 1936 [Ex. Sess.], as amended by Act No. 347, Pub. Acts 1937, and Act No. 324, Pub. Acts 1939).

2. SAME—PUBLIC INTEREST.

The matter of compensation payable to an injured employee is one in which the State and public are interested and it is not a private matter between the employer and employee.

3. MASTER AND SERVANT—TOTAL DISABILITY FOR PRE-INJURY WORK—AVAILABILITY FOR FAVORED WORK—FINDINGS OF DEPARTMENT.

A finding that an employee is totally disabled so far as returning to his pre-injury work is not necessarily inconsistent with a finding that he is able to do, and is available for, favored or rehabilitating work, so long as he is in the labor market despite his injury (2 Comp. Laws 1929, § 8407 et seq.; Act No. 1, Pub. Acts 1936 [Ex. Sess.], as amended by Act No. 347, Pub. Acts 1937, and Act No. 324, Pub. Acts 1939).

4. SAME—WORKMEN'S COMPENSATION—UNEMPLOYMENT COMPENSATION.

Fact that an applicant for benefits under the unemployment compensation act is receiving workmen's compensation or is suffering from disability for which he might be entitled to receive compensation should be ascertained and considered in determining whether or not he is entitled to such unemployment benefits (2 Comp. Laws 1929, § 8407 et seq.; Act No. 1, Pub. Acts 1936 [Ex. Sess.], as amended by Act No. 347, Pub. Acts 1937, and Act No. 324, Pub. Acts 1939).

Appeal from Department of Labor and Industry. Submitted October 19, 1939. (Docket No. 152, Calendar No. 40,793.) Decided December 19, 1939.

Lee Henry presented his claim against Ford Motor Company for compensation for injuries sustained in defendant's employ. On petition for further compensation. Award to plaintiff. Defendant appeals. Affirmed.

*E. C. Starkey* and *W. J. Jones* (Harry S. Toy, of counsel), for defendant.

Butzel, C. J. The sole question in the present case is whether an employee who, after being engaged in light work which was given to him on account of his disabled condition and who, upon being laid off, was directed to apply for benefits under the Michigan unemployment compensation act (Act No. 1, Pub. Acts 1936 [Ex. Sess.], as amended by Act No. 347, Pub. Acts 1937, and by Act No. 324, Pub. Acts 1939) is precluded from obtaining compensation under the workmen's compensation act for the same period during which he received unemployment benefits. Plaintiff received severe injuries to his left hand and arm while in defendant's employ. It became necessary to amputate part of a finger. It is conceded that he could do only favored work and probably could only obtain such from defendant. At the time of his layoff, he was working as a sweeper. He was not discharged. When laid off, his employer gave him a blank to fill out and present to the Michigan unemployment compensation commission. He did so and was awarded unemployment benefits for a limited time at $16 a week under section 28, subd. (c) of the unemployment compensation act (Comp. Laws Supp. 1940, § 8485-68, Stat. Ann. 1939 Cum. Supp.

§ 17.530). Under the act an employee shall be eligible to receive compensation with respect to any week only if the commission finds that "he is able to work, and is available for work." In the instant case, brought under the workmen's compensation act, plaintiff testified that he was able to do the same work that he had been doing when he was laid off and that he would be glad to resume the work at any time that he could get it. It is not claimed that he committed any fraud in making the statement that he was able to and available for the work that he was doing when laid off.

Our attention is called to section 29, as last amended by Act No. 324, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 8485–69), of the Michigan unemployment compensation act, *supra,* which reads as follows:

"Disqualification for benefits. An individual shall be disqualified for benefits: * * *

"(e) For any week with respect to which he is receiving or has received payments in the form of * * *

"(3) Compensation for temporary partial disability under the workmen's compensation law of any State."

While the unemployment compensation act states that the employee shall not receive unemployment benefits for the period during which he is receiving compensation for temporary partial disability under the workmen's compensation law, there is the further provision that if the amount under the latter should be less than the unemployment benefits, he should receive the difference. Just why the act should have limited the denial or deduction to only temporary partial disability under the workmen's compensation act, we do not know. The workmen's

compensation act must be considered as this reference is made to it. No provision is made under the unemployment compensation act for disqualification because of temporary total disability, or permanent total or partial disability. However, one permanently disabled to continue the work that he was engaged in when the accident occurred may nevertheless be able to do some light work of a different nature than that in which he was previously engaged. In that event, the compensation payable under the workmen's compensation law when added to his wage earning capacity after the injury in the same or another employment will not likely exceed his average weekly earnings at the time of such injury. It might, however, be argued that it was thought unnecessary to provide for unemployment benefits for one totally disabled inasmuch as the unemployment act provides that he must be able and available for work. However, the unemployment compensation act does not specifically deny benefits to one who is suffering from permanent partial or total disability. Moreover the present case is not an appeal from the decision of the unemployment commission.

We now refer to the Michigan workmen's compensation act (Act No. 10, Pub. Acts 1912 [1st Ex. Sess.], as amended from time to time [2 Comp. Laws 1929, § 8407 *et seq.*]), and we find that the only deduction specifically provided for is in part 2, § 13 (2 Comp. Laws 1929, § 8429), of the act which provides as follows:

"No savings or insurance of the injured employee, nor any contribution made by him to any benefit fund or protective association independent of this act, shall be taken into consideration in determining the compensation to be paid hereunder, nor shall benefits derived from any other source than those paid or

caused to be paid by the employer as herein provided, be considered in fixing the compensation under this act except as provided in subsection (1) of section seven, part one.''

The benefits under the Michigan unemployment compensation act come from moneys paid solely by the employer. The employee makes no payments whatsoever to the fund and the moneys paid by the employer may not be deducted from the wages of the employee. The benefits paid under the act do not come from savings or insurance of the injured employee nor from any contribution made by him to any fund or protective association, nor are they derived from sources paid or caused to be paid by the employer as provided by the workmen's compensation act. Therefore, there can be no deduction by virtue of 2 Comp. Laws 1929, § 8429. We find in neither of the acts any express language that precludes an employee from recovering under the circumstances of the present case.

We come, however, to another question that is more difficult. The Michigan unemployment compensation act is administered by a commission, which is created in the exercise of the police power of the State. Its members hold public office and their powers and duties are prescribed by the law. They are empowered to grant benefits and only make deductions as provided by law. For purposes of the case at bar we must assume that they properly granted unemployment benefits to defendant, and that they could not anticipate awards that might thereafter be made for the same period under the workmen's compensation act. Likewise, the members of the department of labor and industry, which administers the workmen's compensation law, are also public officers. They may not refuse compensation to those whom the statute states are entitled

to it or make deductions except as provided for in the workmen's compensation act. The matter of compensation payable to an injured employee is one in which the State and public are interested. *Harrington* v. *Department of Labor & Industry,* 252 Mich. 87. It is not a private matter between the employer and employee. A paradox seemingly arises. Under the unemployment compensation act, the applicant must show that he is able to work and is available for work. On the other hand, the department of labor and industry may find that he was totally disabled because the injury to his hand prevented him from doing the pre-accident work, and that he cannot find any favored work such as he had been doing when laid off. The question may be put in another way. Should plaintiff be awarded compensation because of total disability when he is receiving unemployment compensation during the period in which it necessarily must be found that he is able and willing to work? The finding that the employee is totally disabled so far as returning to his pre-injury work is not necessarily inconsistent with a finding that he is able to do, and is available for, the favored or rehabilitating work, so long as he still is in the labor market despite the injury. For example, one who becomes totally disabled from returning to his former post because of loss of an arm may nevertheless be employable in industry and for purposes of unemployment benefits it may be found that "he is able to work, and is available for work." However, we might not approve the granting of unemployment benefits to one who is "employed" in a "made job" merely out of the sympathies of the employer—it might be difficult to say that the applicant is still in the labor market. Plaintiff did not act fraudulently as shown by the facts. He was able and willing to do the work he was doing when laid

off. The question of whether he was able and available for work was one for the unemployment compensation commission to decide. That commission might properly have found upon inquiry that plaintiff was totally and permanently disabled and had only been given a "made job" for purposes of rehabilitation. Certainly the fact that an applicant is receiving any workmen's compensation or is suffering from disability for which he might be entitled to receive compensation should be ascertained and considered in determining whether or not he is entitled to unemployment benefits. Both awards are purely statutory and, while there is no question about some incongruity in the provisions, nevertheless we are bound by the wording of the statutes. The remedy is with the legislature who alone can provide for deductions or denial of compensation under one act or the other.

The award is affirmed, but without costs.

WIEST, BUSHNELL, SHARPE, POTTER, CHANDLER, NORTH, and McALLISTER, JJ., concurred.