INGLIS, J.
 

 This is an appeal from the actions of the Commissioner for the Fourth Congressional District in denying the plaintiff unemployment compensation. The gist of the reasons, of appeal is that the Commissioner erred in concluding that the claimant was not physically and mentally able to work,
 
 *187
 
 and available for work, and for that reason concluding that he was not eligible for benefits.
 

 The Unemployment Compensation Act (Supp. [1939] §1339e), provides as follows: “(a)....An unemployed individual shall be eligible to receive benefits with respect to any week only if it shall have been found that. .. . (2) he is physically and mentally able to work and is available for work....”' The test of availability for work under this provision of the law is that the man is capable of performing some sort of work for which there is a call in the general labor market. It is not essential that he be capable of doing the same sort of work as that to which he has been accustomed, but, on the other hand, he is not available for work if the only work which he is capable of doing is “made work” or work which might be offered to him for motives of sympathy or charity.
 
 Henry vs. Ford Motor Co.,
 
 291 Mich. 535, 289 N.W. 244, 246;
 
 Adams vs. American Fastener Co.,
 
 7 Conn. Sup. 375.
 

 It is apparent from the decision of the Commissioner that he had this very test in mind and applied it to the facts in this case as he found those facts to be. To quote from that decision: “It appears that the claimant’s physical condition alone makes him practically and reasonably unemployable. His chances of obtaining employment seem so reduced that no employer, unless moved by sympathetic motives, could be expected to hire him.” If that finding stands it clearly justifies the Commissioner’s conclusion that the claimant is ineligible for benefits.
 

 On an appeal such as this, this court may correct the Commissioner’s finding of facts only if (1) he has failed to find material facts which were admitted or undisputed facts; or (2) if he has found facts in equivocal language; or (3) if he has found material facts without evidence. (Supp. [1939] §1341e[j].) The evidence before the Commissioner justified him in finding that because of the fact that the claimant’s legs had both been badly broken they were in such condition during the period for which benefits were sought that he could not perform any work which required any use of the legs even to walk about. On all of the evidence it cannot be said that his finding that in the ordinary labor market there were no jobs which a man in such a condition could fill, was unjustified. This being so it may not be said that the Com
 
 *188
 
 missioner’s conclusion that this claimant was not physically able to work or was not available for work was an unreasonable conclusion.
 

 Judgment may enter denying the appeal and confirming the decision of the Commissioner.