JOHN STEINMANN *v.* ADMINISTRATOR, UNEMPLOYMENT COMPENSATION ACT

(two cases)

SUPERIOR COURT    NEW HAVEN COUNTY    FILE NOS. 28483, 29332
AT WATERBURY

Memorandum filed December 22, 1964

*John Steinmann,* pro se.

*Harold M. Mulvey,* attorney general, and *Harry Silverstone,* assistant attorney general, for the Administrator, Unemployment Compensation Act.

COTTER, J. These are appeals by the employee, John Steinmann, from decisions of the unemployment commissioner that Steinmann is not physically able to engage in work so as to be available for work within § 31-235 (2). The question is whether the commissioner's conclusions were legally consistent with the subordinate facts found.

In the first case, arising in 1963, the commissioner found that the claimant, who was fifty-two years old, had been working as a part-time bus driver until June 21, 1963, and intended to return

to that job when school reopened in the fall; he operated a small farm and had not worked on a full-time job since 1955; he is physically handicapped because he does not have the full use of one arm. It was concluded that the claimant was not a bona fide member of the labor market and therefore not eligible for unemployment benefits.

In the second case, arising in 1964, it was found that the claimant, who was fifty-three years old then, operated a school bus twenty hours a week during the normal school year and intended to return in September; that he filed for and is receiving social security disability benefits, which are continuing even though he is actually working as a bus driver; that he is not physically able to engage in work so as to be available for work within the act; and that he is not eligible for benefits. The claimant in his written appeal stated that he had "not been discharged by" his employer. He stated at the time of hearing in the Superior Court that he did not have the full normal use of one arm and could only drive a bus with a tilted steering wheel and he could not maneuver one which was flat.

To be available for work within the meaning of the statute, a claimant must be ready, able and willing to accept suitable employment and must be exposed and genuinely attached to the labor market. *Northup* v. *Administrator,* 148 Conn. 475, 477; *Dubkowski* v. *Administrator,* 150 Conn. 278, 280. He must be exposed unequivocally to the labor market and cannot limit his availability for work because of personal reasons unrelated to the employment. *Leclerc* v. *Administrator,* 137 Conn. 438, 439, 441; *Mancini* v. *Administrator,* 24 Conn. Sup. 461, 465.

The applicant could only undertake work suitable to his physical condition, which work would be

limited to a type similar to the kind of bus he drives during the school year. The issue is whether he is capable of performing some sort of work for which there is a call in the general labor market. While the claimant has skill for which there is a limited market, the question is whether there is a general market for his skill in view of his physical limitations. *Reger* v. *Administrator,* 132 Conn. 647, 650; *Shorten* v. *Unemployment Compensation Commissioner,* 10 Conn. Sup. 186, 187.

The plaintiff is currently receiving social security disability benefits, which are paid only to persons who are not able to engage in any substantial gainful activity. Eligibility for such benefits is determined by the resolution of two issues, what can the applicant do and what employment opportunities are there for him. *Kerner* v. *Flemming,* 283 F.2d 916, 921 (2d Cir.); *Pollak* v. *Ribicoff,* 300 F.2d 674, 677 (2d Cir.). If there is no market or only a limited market for his services, he is not able to engage in any substantial gainful activity and is truly disabled within the meaning of the act. *Ferran* v. *Flemming,* 293 F.2d 568, 571 (5th Cir.). Conversely, if there were a market for his services, he would not be receiving the social security disability benefits. Mere theoretical ability to engage in substantial gainful activity is not enough if no reasonable opportunity is available. *Kerner* v. *Flemming,* supra; *Pollak* v. *Ribicoff,* supra; *Ferran* v. *Flemming,* supra.

Accordingly, by qualifying for social security disability benefits, the claimant here has established his physical inability to work and his unavailability for work in the general labor market. The subordinate facts found are sufficient to support the conclusions reached in both cases.

The appeals are dismissed.