## PASCHKE v RETOOL INDUSTRIES

Docket No. 131280. Submitted February 6, 1992, at Lansing. Decided December 29, 1992, at 9:15 A.M.

Raymond R. Paschke sought workers' compensation benefits from Retool Industries and its insurer, Michigan Mutual Insurance Company, alleging a disability caused by depression and hypertension. The plaintiff previously had obtained unemployment compensation benefits following the onset of the alleged disability after representing that he was willing and ready to return to employment. A hearing referee in the Bureau of Workers' Disability Compensation denied the claim for benefits. The Workers' Compensation Appeal Board reversed. The defendants appealed by leave granted.

The Court of Appeals *held:*

The plaintiff is estopped from claiming a disability that is compensable by workers' compensation after asserting that he was able to continue employment when he sought and received unemployment compensation.

Reversed and remanded for entry of an order denying workers' compensation benefits.

WORKERS' COMPENSATION — UNEMPLOYMENT COMPENSATION — CLAIMS OF DISABILITY — ESTOPPEL.

A person who, in seeking and receiving unemployment compensation, asserts an ability to resume employment may be estopped from subsequently asserting, in an effort to receive workers' compensation, a disability that relates to the employment for which unemployment compensation was received and that predates the earlier assertion of employability.

*Goodman, Eden, Millender & Bedrosian* (by *Roderick V. MacNeal*), for the plaintiff.

REFERENCES

Am Jur 2d, Unemployment Compensation §§ 122-125, 131; Workers' Compensation §§ 242, 413.

Unemployment compensation, application for, or receipt of, unemployment compensation benefits as affecting claim for workers' compensation. 96 ALR2d 941.

*Ulanoff, Ross & Wesley, P.C.* (by *Carmen C. Tice*), for the defendants.

Before: WEAVER, P.J., and WAHLS and TAYLOR, JJ.

PER CURIAM. Plaintiff Raymond R. Paschke worked for defendant Retool Industries from 1956 until 1983. As office manager, plaintiff was in charge of funding, billing, payroll, and similar matters. In 1981, the owner of the business sold it to Mr. Wilson, who discharged plaintiff's assistant office manager and replaced him with Mr. Wilson's live-in companion. Plaintiff alleges preferential raises were handed out on the basis of personal favoritism, some benefits were reduced, and there was a problem with vacation pay. Plaintiff claims he became depressed and hypertensive over the way things were handled under the new owner.

By March 1983, plaintiff became "tired and drawn out" and was experiencing chest pain, headaches, and sleeping difficulties. Plaintiff's last day of work was March 22, 1983, when he stayed home on the advice of his wife. Plaintiff never saw a psychiatrist for treatment, though he did receive medical assistance in the form of antidepressants, blood pressure medication, and diuretics.

Plaintiff indicated his intention to return to work in June 1983. His employer informed him he could continue as assistant office manager at a lower wage. Plaintiff never returned to work. Plaintiff sought and received unemployment compensation benefits, which were opposed by defendant. To receive them, plaintiff represented that he was willing and ready to return to employment.

Plaintiff then initiated proceedings for workers' compensation benefits. The Workers Compensation Appeal Board, in reversing a decision by a hearing

referee, determined plaintiff's employment to have been skilled, adopted medical testimony indicating that plaintiff might be ill-advised to return to work, and granted plaintiff an open award of benefits on the basis of both a psychiatric and a hypertensive disability.

Defendant now appeals. We reverse, finding plaintiff is judicially estopped from making a claim for workers' compensation.

In applying for and receiving unemployment benefits, plaintiff asserted that he was able to continue to engage in gainful employment. The Court will not allow a party to assert a position and receive a benefit on one side of the ledger, then make a contrary assertion on the other. *Allen v Zurich Ins Co,* 667 F2d 1162 (CA 4, 1982); *SCA Services, Inc v General Mill Supply Co,* 129 Mich App 224; 341 NW2d 480 (1983); *Murdock v Michigan Health Maintenance Organization,* 434 Mich 851; 450 NW2d 264 (1990).

We reverse the order below and remand for entry of an appropriate order denying plaintiff workers' compensation benefits.