PASCHKE v RETOOL INDUSTRIES (ON REHEARING)

Docket No. 131280. Submitted June 2, 1992, at Lansing. Decided March 16, 1993, at 9:00 A.M. Leave to appeal sought.

Raymond R. Paschke sought workers' compensation benefits from Retool Industries and its insurer, Michigan Mutual Insurance Company, alleging disability caused by depression and hypertension. The plaintiff previously had obtained unemployment compensation benefits following the onset of the alleged disability. In doing so, the plaintiff had represented that he was capable of working and was available for work. A hearing referee in the Bureau of Workers' Disability Compensation denied the claim for benefits. The Workers' Compensation Appeal Board reversed. The Court of Appeals, WEAVER, P.J., and WAHLS and TAYLOR, JJ., reversed the decision of the board, holding that the plaintiff was estopped from claiming a disability for workers' compensation purposes after having asserted an ability to work for unemployment compensation purposes. 197 Mich App 650 (1992). The Court of Appeals subsequently granted rehearing.

On rehearing, the Court of Appeals *held:*

The plaintiff, by seeking and obtaining unemployment compensation benefits, is judicially estopped from claiming that, for the same period, he was disabled and entitled to workers' compensation benefits.

1. Even though the issue of judicial estoppel was not raised by the parties, the Court of Appeals did not err in considering the issue. The Court is empowered to address any issue that justice requires be considered and resolved. In addition, MCR 7.216(A)(7) authorizes the Court to address issues not raised by the parties when further or different relief is required.

2. The plaintiff's right to due process, as affected by the Court's consideration of judicial estoppel on its own motion, was adequately protected by the allowance of a rehearing at

REFERENCES

Am Jur 2d, Estoppel And Waiver §§ 1-3, 68-71; Workers' Compensation §§ 413, 645, 688, 700, 708, 716.

Application for, or receipt of, unemployment compensation benefits as affecting claim for workers' compensation. 96 ALR2d 941.

which the plaintiff was afforded an opportunity to address the issue.

3. Application of the doctrine of judicial estoppel is proper in this case in view of the wholly inconsistent claims made by the plaintiff.

4. Application of legal and equitable principles, such as judicial estoppel, is not precluded in workers' compensation cases.

5. The Court, in applying judicial estoppel in this case, did not overrule precedent or announce a new rule of law. Thus, the decision in this case is not limited to prospective application.

The decision of the Workers' Compensation Appeal Board is reversed.

WORKERS' COMPENSATION — UNEMPLOYMENT COMPENSATION —
    CLAIMS OF DISABILITY — ESTOPPEL.

A person who has asserted an ability to resume employment in seeking and receiving unemployment compensation benefits may be estopped from subsequently asserting a disability during the same period in seeking workers' compensation benefits.

*Goodman, Eden, Millender & Bedrosian* (by *Roderick V. MacNeal*), for the plaintiff.

*Lacey & Jones* (by *Gerald M. Marcinkoski*), for the defendants.

### ON REHEARING

Before: WEAVER, P.J., and WAHLS and TAYLOR, JJ.

PER CURIAM. Plaintiff moved for and is hereby granted rehearing of the decision in *Paschke v Retool Industries,* 197 Mich App 650; 496 NW2d 804 (1992). That opinion is hereby clarified and expanded.

Plaintiff worked for Retool Industries for twenty-seven years, from 1956 until 1983. In his capacity as office manager, plaintiff was charged

with handling funding, billing, payroll, and similar matters.

In 1981, the owner of this unincorporated business sold his interest to Herman Wilson. The new owner discharged plaintiff's assistant office manager, Mr. Nettie, and replaced him with Carolyn Wilkerson, a close friend of Mr. Wilson. From this time onward, plaintiff no longer received regular increases in remuneration, and in fact suffered some decreases in benefits, while Ms. Wilkerson seemed to receive regular pay increases and concomitant improvements in benefits. Plaintiff claims to have become depressed and hypertensive because of the situation.

According to plaintiff's claim, by March 1983, he had become "tired and drawn out" and was experiencing chest pain, headaches, and sleeping difficulties. On March 22, 1983, plaintiff stayed home on the advice of his wife. Although plaintiff did not see a psychiatrist or psychologist, he did receive medical assistance in the form of antidepressants, blood pressure medication, and diuretics.

Plaintiff felt better and indicated his intention to return to work in June 1983. By that time, however, Carolyn Wilkerson had assumed the duties of office manager. Herman Wilson informed plaintiff that he could return as assistant office manager at a lower wage.

Plaintiff chose not to return to work for Retool Industries. Instead, he sought and received unemployment compensation benefits, claiming in support of his application for such benefits, which application was opposed by defendant, that he was able to work and was available for work. There is no suggestion that plaintiff indicated to the Employment Security Commission that he could work only with certain restrictions.

Plaintiff's own statement of facts in support of

his motion for rehearing now establishes beyond peradventure that if he had any disability at all, it was an inability to continue to work for Herman Wilson with Carolyn Wilkerson as office manager. Plaintiff claims that he could do the same managerial work he had been doing for Retool Industries, provided his job environment excluded Carolyn Wilkerson as co-worker and Herman Wilson as employer.

Our original opinion holds that plaintiff, by seeking and obtaining unemployment compensation benefits, is judicially estopped from claiming that, for the same period, he was disabled and entitled to workers' compensation benefits.

Plaintiff first contends that this Court erred or violated his due process rights by considering an issue that was not expressly raised by the defendants. He first cites authority indicating that appellate courts will refuse to consider issues not raised and preserved in lower tribunals, e.g., *Portell v Feldman,* 354 Mich 611, 614; 93 NW2d 305 (1958).

This argument reflects a misunderstanding of the difference between the obligation of an appellate court and the power of an appellate court. The court is *obligated* only to review issues that are properly raised and preserved; the court is *empowered,* however, to go beyond the issues raised and address any issue that, in the court's opinion, justice requires be considered and resolved. This is true not only of courts, but of adjudicative tribunals generally. *Margenovitch v Newport Mining Co,* 213 Mich 272, 277-278; 181 NW 994 (1921). This Court is specifically authorized by MCR 7.216(A)(7) to address issues not expressly raised by the parties when, in this Court's discretion, "further or different relief" is required.

Where, as in this case, a particular result is commanded by well-settled principles of adjective law, the Supreme Court has indicated that even jurisdictional, let alone procedural, barriers will not stand in the way of achieving the proper outcome. In *Brehm v Mattus,* 37 Mich App 294; 194 NW2d 465 (1971), this Court reversed a trial court's order and remanded pursuant to the substantive principles established in a newly released Supreme Court decision. The Supreme Court granted leave to appeal, held that this Court lacked jurisdiction, but because the order of this Court was nonetheless substantively correct, peremptorily reversed the decision of the trial court and remanded the case, achieving a result identical to that which this Court had mandated, albeit without jurisdiction. 387 Mich 759; 195 NW2d 255 (1972).

It may well be that fairness demands an opportunity for an adversely affected party to present views regarding an issue the court intends to take up sua sponte. *Fawley v Doehler-Jarvis Div of Nat'l Lead Co,* 342 Mich 100; 68 NW2d 768 (1955). Where, as here, the panel could not adequately hint of its interest in the judicial estoppel issue at oral argument, such argument having been waived by the parties, due process is satisfied with the opportunity by motion for rehearing to suggest that the court erred in resolving the case on the basis of an issue not raised by the parties. *Parratt v Taylor,* 451 US 527, 539-540; 101 S Ct 1908; 68 L Ed 2d 420 (1981); *Crider v Michigan,* 110 Mich App 702, 729; 313 NW2d 367 (1981).

Plaintiff next contends that judicial estoppel is specifically inapplicable in the context of seeking both unemployment compensation and workers' compensation, citing *Henry v Ford Motor Co,* 291 Mich 535; 289 NW 244 (1939), *Bartels v Ford*

*Motor Co,* 292 Mich 40; 289 NW 322 (1939), and *McKentry v Employment Security Comm,* 99 Mich App 277; 297 NW2d 652 (1980).

Those cases are all distinguishable. In *Henry,* for example, the plaintiff, after being injured, was given favored work. He was then laid off from favored work, whereupon his employer gave him a form to fill out to present to the Employment Security Commission.[1] The Supreme Court recognized that "one permanently disabled to continue the work that he was engaged in when the accident occurred may nevertheless be able to do some light work of a different nature than that in which he was previously engaged." 291 Mich 538. Thus, there is no inherent inconsistency in seeking both unemployment and workers' compensation benefits.

The type of inconsistency that gives rise to proper application of the doctrine of judicial estoppel is fact specific. Here, in contrast to *Henry v Ford Motor Co, supra,* plaintiff did not forthrightly seek unemployment compensation benefits, indicating a disability-based limitation on the positions he was capable of accepting. Rather, plaintiff indicated an unrestricted ability to continue in managerial employment, in blatant opposition to his subsequent claim of psychiatric and hypertensive disability in precisely the same employment for exactly the same time frame.

The case at bar is nearly indistinguishable from the situation presented in *Murdock v Michigan HMO,* 169 Mich App 324, 330-331; 391 NW2d 757 (1988), vacated and remanded 434 Mich 851 (1990), where this Court said:

---

[1] While not mentioned again in the opinion, this action colored the Court's view of the equities, because the employee, less legally sophisticated than his employer, had effectively been entrapped into applying for the assertedly inconsistent benefits.

Assuming, arguendo, that plaintiff did give appropriate notice to defendant HMO, thereby surviving the statute of limitations defense, then unquestionably the [Workers' Compensation Appeal Board] had sufficient competent evidence in the record to justify an award of disability benefits under the appropriate legal standard. However, and of overriding importance, the board failed to apply properly the principles of equitable estoppel regarding the factual claims plaintiff made in her circuit court suit for sex discrimination, wherein she set forth her continued ability to perform the employment functions for which she was involuntarily discharged.

Where, in a separate proceeding, the litigant takes a position inconsistent with that which he advances in the case at issue, his pleadings, admissions, statements and stipulations in the former action are evidence which may be admitted against him in the case at issue. See *Mertz v Mertz*, 311 Mich 46; 18 NW2d 271 (1945); *Billingsley v Gulick*, 256 Mich 606; 240 NW 46 (1932). However, this evidence is not conclusive when the opposing party in the first action is not a party to the present suit. *Smith v Battjes Fuel & Building Material Co*, 204 Mich 9; 169 NW 943 (1918) . . . . However, in the case at bar, since the defendant employer was a party defendant in the circuit court action brought by plaintiff, plaintiff's admissions in the circuit court action can be raised by defendant HMO in the present action and plaintiff is collaterally estopped from denying the admissions and allegations she made in the circuit court action.

This Court also held that the claimed inability to return to work for Michigan HMO, coupled with a claimed ability to continue in the same type of employment for any other employer, constituted a failure to establish a disability for workers' compensation purposes. 169 Mich App 329-330.

Because the Supreme Court vacated and re-

manded for further consideration, that portion of
*Murdock* no longer has value as precedent. How-
ever, it remains persuasive, and the reasoning
therein fits the present case like a glove. There is
hardly anything unjust or untoward about this
result, because judicial estoppel applies only where
the plaintiff has prevailed on one aspect of an
inconsistent pair of claims; judicial estoppel simply
denies double recovery on both sides of the alter-
native propositions.

The fact that the Legislature has provided for
credit against workers' compensation benefits for
unemployment compensation benefits previously
received, MCL 418.358; MSA 17.237(358), is not
inconsistent with this notion. The credit abrogates
the result in *Henry v Ford Motor Co, supra,* where
the plaintiff was allowed to keep both unemploy-
ment and workers' compensation benefits covering
the same time frame. Where a partially disabled
worker properly obtains unemployment compensa-
tion benefits, and later workers' compensation ben-
efits, coordination remains the appropriate re-
sponse. In the case at bar, however, plaintiff did
not obtain unemployment benefits by acknowledg-
ing any kind of partial disability.

Likewise, the requirement in MCL 418.301(5)(d)
(i); MSA 17.237(301)(5)(d)(i) that unemployment
compensation benefits be exhausted applies to
those in the first hundred weeks of what used to
be known as "favored work." Again, those are
partial disability situations within the ambit of the
*Henry v Ford Motor Co* doctrine.

Judicial estoppel bars only wholly inconsistent
claims; it does not penalize an employee on the
basis of information that only belatedly contra-
dicts a factual claim. For example, if an employee
claims unemployment compensation on the basis
of no disability, but subsequently is diagnosed as

suffering from some hitherto unsuspected work-related disabling disease, again, coordination is the proper response. Or, for an employee receiving unemployment compensation, upon discovery of a disability or compensable restriction on prospective employment, nothing compels the application for or acceptance of further unemployment benefits.

One major concern seems to be that there is approximately a nine-month average lag between the time a workers' compensation claim is filed and the first hearing regarding the petition by a workers' compensation magistrate. The plaint is that affected employees need unemployment compensation to tide them over financially until workers' compensation benefits are awarded. This delay factor, however, already impinges on totally disabled workers, to whom unemployment compensation is unavailable. We are hard pressed to perceive the injustice of holding partially disabled claimants to the same burden. In lieu of perverting and distorting the quasi-judicial administrative process by allowing inconsistent recoveries, we think that the problem should be addressed, if at all, by the Legislature, which has the tools available to accelerate the administrative hearings process if warranted.

Plaintiff claims that this Court lacks the authority to extend the disqualifications applicable to a statutorily created scheme in derogation of the common law, citing, inter alia, *Kidd v General Motors Corp,* 414 Mich 578, 588; 327 NW2d 265 (1982). Neither *Kidd* nor other cited cases support any such legal principle. In *Kidd,* the Court indicated only that when the language of an act "clearly enunciates a standard and a definition which coincidentally also comport with the spirit and purpose of the Act, it is repugnant to attempt

to judicially read into the Act other requirements or conditions that operate to defeat or limit its aim." There is no authority for the proposition that, because a statute contains specified rules of disqualification from benefits therein created in derogation of common law, other applicable legal and equitable principles are to be abandoned unless expressly continued in force by the Legislature. Indeed, the opposite rule is true: unless the Legislature indicates that the usual principles of law and equity are not to be applied, those principles do apply.

One example is res judicata; this doctrine, which precludes relitigation of controversies once adjudicated, applies to workers' compensation as well as to other proceedings, although the workers' compensation statute is silent with regard to the subject. *Hlady v Wolverine Bolt Co,* 393 Mich 368; 224 NW2d 856 (1975). Judicial estoppel, more specifically, also has been applied in the workers' compensation context. *Majewski v Martin Bros Barrel & Box Co,* 230 Mich 548; 203 NW 102 (1925).

*Majewski* answers plaintiff's contention that the decision in this case should be given only prospective effect. Aside from the general notion that this Court seeks to apply existing precedent to new factual situations, and not to create new rules of law, so that retroactivity and prospectivity are generally not relevant concepts for decisions of this Court, because the doctrine of judicial estoppel is well established and indeed derives from the common law, applying it to one more factual situation hardly constitutes the kind of departure from established practice that warrants limiting the application of the rule only to future cases. In any event, we note further that, even if given only prospective effect, the rule would still apply to the case at bar, because, notwithstanding that defen-

dant did not directly raise the issue, the individual litigants are always entitled to the fruits of judicial victory. *Hicks v Agney,* 413 Mich 556, 559; 321 NW2d 383 (1982).

For that matter, questions of retroactivity usually properly arise only when a new rule of law is announced, or a precedent is overruled. *Plumley v Klein,* 388 Mich 1; 199 NW2d 169 (1972). In applying judicial estoppel, this Court is overruling no precedent, nor is it announcing a new rule of law —as already shown, judicial estoppel is an ancient doctrine, and its application in the workers' compensation context has long since been established. Indeed, where an established doctrine, properly applied, commands a particular result, the Supreme Court in the workers' compensation context has given full retroactivity even to decisions that overrule longstanding interpretations. *Riley v Northland Geriatric Center (After Remand),* 431 Mich 632; 433 NW2d 787 (1988).

The decision of the Workers' Compensation Appeal Board is reversed.