*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

DAYTON ACKLEY, by next friend RICK ACKLEY,

Plaintiff-Appellant,

v

KINGSWOOD HOSPITAL, INC.,

Defendant-Appellee,

and

HENRY FORD HEALTH SYSTEM and BRAYLON BANKS,

Defendants.

UNPUBLISHED
May 14, 2020

No. 346350
Oakland Circuit Court
LC No. 2017-162637-NO

Before: MURRAY, C.J., and RONAYNE KRAUSE and TUKEL, JJ.

PER CURIAM.

Plaintiff, Dayton Ackley, by his next friend Rick Ackley, appeals by right the trial court's order granting summary disposition to defendant, Kingswood Hospital, Inc. (Kingswood). We affirm in part, reverse in part, and remand for further proceedings. This appeal is being decided without oral argument pursuant to MCR 7.214(E)(1).

## I. BACKGROUND[1]

When plaintiff was eleven years old, he was admitted to Kingswood for in-patient psychiatric care. Two days after his admission, another minor patient with whom plaintiff was then sharing a room, defendant Braylon Banks, allegedly threatened to sexually assault plaintiff. There is no dispute that plaintiff notified Kingswood staff of those threats. Kingswood contends that it promptly moved Banks to another room and monitored plaintiff throughout the night. Plaintiff contends that Banks in fact carried out his threat and sexually assaulted plaintiff that night, and then Kingswood "tampered with the evidence without contacting the proper authorities and allowing them to investigate the allegations."

Plaintiff commenced the instant action, alleging a claim for assault and battery against Banks[2] and ordinary negligence against Kingswood. Plaintiff alleged that Kingswood breached its duties by (1) failing to take steps to protect plaintiff after receiving notice of the sexual assault threats; (2) failing to provide mental health services in a safe environment pursuant to MCL 330.1708, a provision of the Mental Health Code, MCL 330.1101 *et seq.*; (3) failing to protect plaintiff from nonconsensual sexual advances made by other patients, and (4) failing to investigate and take appropriate measures to prevent the other patient from engaging in sexual contact with plaintiff. Kingswood moved for summary disposition, arguing that plaintiff's claim sounded in medical malpractice as opposed to ordinary negligence, that plaintiff failed to comply with the procedural requirements of a medical malpractice claim, and that his complaint therefore must be dismissed.

The trial court concluded that plaintiff's claim sounded in medical malpractice because it involved questions of medical judgment that would require expert testimony, and the ordinary layman would not know the type of supervision or monitoring that was required for minor patients in a mental health facility. The trial court also concluded that the Mental Health Code did not create a civil cause of action for violation of the statute. It therefore granted Kingswood summary disposition under MCR 2.116(C)(8). This appeal followed.

## II. STANDARD OF REVIEW

A grant or denial of summary disposition is reviewed de novo. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). Although defendant cited to both MCR 2.116(C)(8) and (10) in its motion, it did not attach any documentary evidence and only presented substantive argument relevant to MCR 2.116(C)(10). Thus, it was only properly brought under MCR 2.116(C)(8), so plaintiff had no obligation under the court rules to respond to the motion with any evidence. *Barnard Mfg Perf Co Inc v Gates Perf Engineering Inc*, 285 Mich App 362, 369-370; 775 NW2d 618 (2009). Defendant's attachment of a document to its reply brief is not sufficient

---

[1] Because, as we will discuss, defendant's motion for summary disposition was brought pursuant to MCR 2.116(C)(8), we take the facts from, and base our decision on, the allegations in plaintiff's complaint.

[2] Banks has been dismissed as a defendant and is not participating in this appeal.

to properly present the motion—and to obligate plaintiff to respond with evidence—in the first instance. As such, we review the motion solely under MCR 2.116(C)(8).

A motion brought under MCR 2.116(C)(8) should be granted only where the complaint is so legally deficient that recovery would be impossible even if all well-pleaded facts were true and construed in the light most favorable to the non-moving party. *Maiden*, 461 Mich at 119. Only the pleadings may be considered when deciding a motion under MCR 2.116(C)(8). *Id*. at 119-120.

"Whether a claim sounds in ordinary negligence or medical malpractice is a question of law that is reviewed de novo." *Trowell v Providence Hosp and Med Ctrs, Inc*, 502 Mich 509, 517; 918 NW2d 645 (2018). The interpretation and application of statutes, rules, and legal doctrines are also reviewed de novo. *Estes v Titus*, 481 Mich 573, 578-579; 751 NW2d 493 (2008). This Court looks to the substance of pleadings rather than the formal names or labels given by the parties. *Hartford v Holmes*, 3 Mich 460, 463 (1855); *Norris v Lincoln Park Police Officers*, 292 Mich App 574, 582; 808 NW2d 578 (2011). Thus, the nature of a claim depends on a reading of the complaint as a whole. *Jahnke v Allen*, 308 Mich App 472, 475; 865 NW2d 49 (2014).

### III. ORDINARY NEGLIGENCE OR MEDICAL MALPRACTICE

In determining whether a claim sounds in medical malpractice or ordinary negligence, two questions must be answered: "(1) whether the claim pertains to an action that occurred within the course of a professional relationship; and (2) whether the claim raises questions of medical judgment beyond the realm of common knowledge and experience." *Bryant v Oakpointe Villa Nursing Center, Inc*, 471 Mich 411, 422; 684 NW2d 864 (2004). In this case, there is no dispute that the claim involved an action that occurred within the course of a professional relationship. Thus, the only question is "whether the claim raises questions of medical judgment beyond the realm of common knowledge and experience." *Id*.

We conclude that at least part of plaintiff's claim, as pled, clearly sounds in ordinary negligence. In relevant part, a fair reading of plaintiff's complaint is that Kingswood staff failed to take *any* responsive action after they were notified of Banks's threat; and after Banks carried out the threat, Kingswood staff attempted to cover the incident up. No medical judgment is called for to determine whether Kingswood should have done *something*, and no medical judgment is called for to determine whether Kingswood should not have then tampered with evidence. Plaintiff also alleged that Kingswood "failed to protect" him from "sexual advances made by other patients." Although somewhat vague, when read in context, this allegation again appears to assert a total failure to act. Finally, plaintiff alleged that Kingswood "fail[ed] to investigate and take the appropriate measures" to prevent the sexual assault. A failure to investigate, once more, is a pure failure to do anything. Thus far, a trier of fact could adequately consider any of these assertions with the benefit of only "common knowledge and experience." See *Bryant*, 471 Mich at 430-432.

The nature of Kingswood's alleged failure to "take *the appropriate* measures" (emphasis added) is a much closer question. Standing alone, it implies that Kingswood did in fact take responsive measures, but that those measures were inadequate. The sufficiency or propriety of measures undertaken by a hospital in a medical context, such as staffing decisions, supervision or monitoring decisions, and training, generally call for medical judgment. *Trowell*, 502 Mich at 522-524. However, a failure to take *any* measures would generally sound in ordinary negligence,

whereas a failure to take *appropriate* measures would generally sound in medical malpractice. Nonetheless, we determine the nature of a claim by reading it as a whole, not by reading it piecemeal. *Jahnke*, 308 Mich App at 475. The appropriateness of Kingswood's response does not appear to be the real point of plaintiff's claim, and in any event, doing nothing certainly would not be appropriate. Thus, when the complaint is read as a whole, the gravamen of plaintiff's claim is a claim for ordinary negligence.

Plaintiff may not challenge the sufficiency or propriety of any responsive measures undertaken by Kingswood, other than such obviously non-medical malfeasance as attempting to destroy evidence or cover up the incident. However, as pled, the gravamen of plaintiff's claim is that Kingswood took no responsive measures at all, which clearly sounds in ordinary negligence. Thus, the trial court erred in granting summary disposition on the grounds that plaintiff's claim sounded in medical malpractice.

## IV. MENTAL HEALTH CODE

Plaintiff also argues that the trial court erred in concluding that the Mental Health Code did not create a private cause of action. In his complaint, plaintiff alleged that Kingswood violated its statutory duty to plaintiff under MCL 330.1708(2), a provision of the Mental Health Code that states: "Mental health services shall be provided in a safe, sanitary, and humane treatment environment." We find no statutory support for the proposition that this provision creates a private right of action, although we think it does outline a standard of care applicable to an ordinary negligence claim. However, plaintiff would require expert witnesses to explain that standard of care and how Kingswood allegedly breached it, because "allegations concerning staffing decisions and patient monitoring involve questions of professional medical management and not issues of ordinary negligence . . . The ordinary layman does not know the type of supervision or monitoring that is required for psychiatric patients in a psychiatric ward." *Dorris v Detroit Osteopathic Hosp, Corp*, 460 Mich 26, 47; 594 NW2d 455 (1999). Thus, although plaintiff may rely on the Mental Health Code to the extent it might support his claim that Kingswood should have done something rather than nothing, the trial court correctly determined that the Mental Health Code did not independently confer upon plaintiff a cause of action.

## V. DUTY TO PROTECT FROM CRIMINAL ACTS

Plaintiff also argues that Kingswood had a duty to protect him from criminal acts due to their special relationship. The trial court did not address this issue, but it was raised in plaintiff's complaint and thus directed to the trial court's attention, so it is preserved for appellate review. *Peterman v Dep't of Natural Resources*, 446 Mich 177, 183; 521 NW2d 499 (1994). Plaintiff does not specifically mention this argument in his statement of questions presented, so we might deem it abandoned. *Caldwell v Chapman*, 240 Mich App 124, 132; 610 NW2d 264 (2000). Nevertheless, plaintiff does list it in his table of contents, and, in any event, we choose to address this issue. See *Mack v Detroit*, 467 Mich 186, 207-208; 649 NW2d 47 (2002); *Paschke v Retool Industries (On Reh)*, 198 Mich App 702, 705; 499 NW2d 453 (1993), rev'd on other grounds 445 Mich 502; 519 NW2d 441 (1994).

Typically, individuals do not have a duty to protect another who is endangered by a third person's conduct. *Swan v Wedgwood Christian Youth & Family Servs*, 230 Mich App 190, 200;

583 NW2d 719 (1998). A duty of reasonable care may arise where a person has "a special relationship with either the victim or the person causing the injury." *Id*. Such relationships recognized under Michigan law include those of psychiatrist-patient and doctor-patient. *Id*. According to the complaint, plaintiff was a minor with very little personal freedom, effectively trapped in a medical facility controlled by Kingswood, and that facility by its very nature holds itself out as a safe place for parents to relinquish their own control over their children to Kingswood. Kingswood's control over plaintiff, under the circumstances, was more than a sufficient allegation to establish a duty. See *Williams v Cunningham Drug Stores, Inc*, 429 Mich 495, 499; 418 NW2d 381 (1988) ("The rationale behind imposing a duty to protect in these special relationships is based on control. In each situation one person entrusts himself to the control and protection of another, with a consequent loss of control to protect himself.") Thus, Kingswood clearly did have a special duty to protect plaintiff from the criminal acts of third parties.

However, the specific nature of that duty is a closer question. The alleged duty to protect in general is distinct from the alleged failure to respond to a specifically identified threat. We conclude that protecting psychiatric patients from each other in a controlled psychiatric medical facility necessarily entails questions of training, supervision, staffing, and related "questions of medical judgment beyond the realm of common knowledge and experience." *Bryant*, 471 Mich at 422. Thus, we agree with plaintiff that Kingswood owed him a special duty, but under the circumstances, the nature of that duty sounds in medical malpractice rather than ordinary negligence. Kingswood was entitled to summary disposition as to this claim.

## VI. QUESTIONS OF FACT

Finally, the medical records submitted to the trial court tended to show that Kingswood staff notified the physician in charge after they received notice of the threats, moved Banks to a separate room, and closely monitored plaintiff throughout the night. Thus, Kingswood factually disputes whether it took any responsive action, and it submitted evidence in support of its argument that it did respond to plaintiff's notification of the threat. The question of whether Kingswood's actions were adequate, as opposed to whether they occurred at all, necessarily sounds in medical malpractice. *Bryant*, 471 Mich at 422; *Dorris*, 460 Mich at 47. A party may not respond to a motion for summary disposition under MCR 2.116(C)(10) by merely relying on the party's allegations, but rather must affirmatively show with evidence that there is a genuine question of fact. *Maiden*, 461 Mich at 120-121. Because defendant did not attach the evidence to its motion, plaintiff did not, and was not required to, provide any affidavits, records, deposition testimony, or other evidence contradicting Kingswood's medical records. Thus, those records played no proper role in deciding this motion properly brought under MCR 2.116(C)(8).

Furthermore, the motion was brought and decided prior to the close of discovery.[3] A motion under MCR 2.116(C)(10) is generally premature before the close of discovery, and such a motion should not be granted unless "there is no reasonable chance that further discovery will

---

[3] The trial court entered a Calendar Conference Order on July 13, 2018, directing that discovery should be completed by January 12, 2019. We cannot find any subsequent order in the record shortening the discovery period. The trial court's order granting summary disposition was dated August 23, 2018.

result in factual support for the nonmoving party." *Colista v Thomas*, 241 Mich App 529, 537-538; 616 NW2d 249 (2000). Kingswood presented no such argument. Notably, plaintiff's complaint explicitly alleged that Kingswood "tampered with the evidence," thus necessarily placing the accuracy of the medical records squarely at issue. We are unable to conclude that there is no reasonable possibility that plaintiff could, through further discovery, provide factual support for the portion of his claims sounding in ordinary negligence. We therefore conclude that summary disposition pursuant to MCR 2.116(C)(10) would have been premature at this juncture.

## VII. CONCLUSION

Plaintiff has validly alleged claims against Kingswood sounding in ordinary negligence, to the extent those claims assert that Kingswood totally failed to respond to plaintiff's notification of Banks's threat or engaged in efforts to cover up the alleged sexual assault. To the extent plaintiff's claims inquire into the adequacy or propriety of any response Kingswood actually did undertake, those claims would sound in medical malpractice, and Kingswood would be entitled to partial summary disposition as to those claims. Defendant was also entitled to summary disposition of the claim brought under the Mental Health Code.

We therefore affirm in part and reverse in part the trial court's grant of summary disposition in favor of Kingswood, and we remand for further proceedings consistent with this opinion. We do not retain jurisdiction. No costs, neither party having prevailed in full. MCR 7.219(A).

/s/ Christopher M. Murray
/s/ Amy Ronayne Krause
/s/ Jonathan Tukel