*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

FOR PUBLICATION
October 29, 2020
9:15 a.m.

v

No. 338891
Wayne Circuit Court
LC No. 16-009739-01-FC

TERREIK JAYLEL LATHAM,

Defendant-Appellant.

ON RECONSIDERATION

Before: RIORDAN, P.J., and SAWYER and JANSEN, JJ.

RIORDAN, P.J.

Defendant appeals as of right his bench trial conviction of first-degree criminal sexual conduct (CSC I), MCL 750.520b (multiple variables). Defendant was sentenced to 4 to 10 years of imprisonment for first-degree criminal sexual conduct. We affirm.

## I. FACTS & PROCEDURAL HISTORY

Defendant contacted the victim, a prostitute who advertised her services online, and after agreeing on a price and specific services, they met up at a gas station and walked together to a nearby abandoned house. Before engaging in any sexual acts, the victim asked to be paid. Defendant refused to pay, held a sharp object to the victim's throat, and forced her to engage in oral and vaginal sex.

Defendant was found guilty of CSC I. His recommended sentencing guidelines range was 51 to 85 months, and he was assigned 10 points for Offense Variable (OV) 1, 5 points for OV 2, 10 points for OV 4, and 25 points for OV 11. In total, defendant was assigned 50 OV points which equated to an OV level III. Defendant was sentenced to 4 to 10 years of imprisonment.

Defendant then filed a motion to correct an invalid sentence in the trial court and argued that he is entitled to resentencing because OV 11 was incorrectly scored at 25 points when, he said, it should have been assigned 0 points pursuant to MCL 777.41(2)(c). Defendant asserted that if OV 11 was properly scored, he would have been sentenced at OV level II not OV level III. He

-1-

contended that the recommended guidelines range would have been 42 to 70 months, rather than 51 to 85 months which was used at sentencing. Therefore, defendant argued, he was entitled to resentencing. The prosecution responded that OV 11 was properly scored and, even if the guidelines were initially improperly scored, defendant's sentence should not be altered because defendant's sentence was below the original recommended guidelines range and was tailored to defendant.

The trial court granted defendant's motion to rescore OV 11 at 0 points, but denied defendant's motion for resentencing. The trial court corrected defendant's original sentencing information report and the recommended minimum guidelines range was lowered to 42 to 70 months. The trial court's order states that resentencing was not required because defendant's original sentence of 48 to 120 months of imprisonment is within the recalculated recommended minimum guidelines range. Defendant now appeals.

## II. ANALYSIS

Defendant argues that he is entitled to resentencing pursuant to *People v Francisco*, 474 Mich 82, 88; 711 NW2d 44 (2006), because he was sentenced on the basis of inaccurate information and an inaccurate guidelines range. We disagree.

The issue of whether defendant is entitled to resentencing is a legal question which we review de novo. *Id.* at 85.

In *Francisco*, 474 Mich at 88-92, our Supreme Court held that the defendant was entitled to resentencing when the trial court erred in scoring the sentencing guidelines even though the original sentence was within the appropriate, re-scored guidelines range. The Supreme Court remanded that case for resentencing because an appellate court cannot know whether the trial court would have imposed the same sentence if the guidelines had been accurately scored. *Id.* at 49. The Supreme Court reasoned that "appellate correction of an erroneously calculated guidelines range will always present this dilemma, i.e., the defendant will have been given a sentence which stands differently in relationship to the correct guidelines range than may have been the trial court's intention." *Id.* at 91-92. "Thus, requiring resentencing in such circumstances not only respects the defendant's right to be sentenced on the basis of the law, but it also respects the trial court's interest in having defendant serve the sentence that it truly intends." *Id.* at 92.

The matter before us presents us with circumstances that are unlike those described in *Francisco*. We know the trial court would impose the same sentence for defendant under the now accurately scored guidelines range. The trial court's order states that resentencing was not required because defendant's original sentence of 48 to 120 months of imprisonment is within the recalculated recommended minimum guidelines range. The trial court had the opportunity to resentence defendant and it expressly declined to do so. After rescoring OV 11 and recalculating the correct guidelines range, the trial court decided to maintain defendant's original sentence. Thus, the trial court's explanation, its familiarity with this matter, particularly in light of the procedural posture and its ultimate disposition of the case, demonstrates the trial court's intent to maintain the same sentence, regardless of the prior scoring error. Thus, "[r]esentencing is . . . not required [because] the trial court has clearly indicated that it would have imposed the same sentence regardless of the scoring error and the sentence falls within the appropriate guidelines

range." *Id*. at 89 n 8, citing *People v Mutchie*, 468 Mich 50, 51; 658 NW2d 154 (2003).  Therefore, resentencing is not required.[1]

### III.  CONCLUSION

We are not confronted with a *Francisco* error.  There was no remand for resentencing to the trial court.  Here, the trial court only decided a post-trial motion, corrected the applicable guidelines range, and then maintained defendant's original sentence.  Affirmed.

/s/ Michael J. Riordan
/s/ David H. Sawyer

---

[1] Defendant raised for the first time at oral argument the claim that the trial court violated his due process right to be sentenced on the basis of accurate information.  He did not raise this issue in his written brief on appeal, nor did he provide any supplemental briefing on it.  He cited only *Francisco*, 474 Mich at 48-49, 91 n 6, for the proposition that "[a] defendant is entitled to be sentenced by a trial court on the basis of accurate information."  However, *Francisco* considers only the issue of resentencing pursuant to MCL 769.34(10) and MCR 2.613(A), and its analysis does not consider any due process implications.  Although this issue presents a purely legal question, we nonetheless decline to consider the it further because it was not properly raised by defendant, nor was it briefed by the parties.  *Paschke v Retool Industries (On Reh)*, 198 Mich App 702, 705; 499 NW2d 453 (1993) ("The court is *obligated* only to review issues that are properly raised and preserved; the court is *empowered*, however, to go beyond the issues raised and address any issue that, in the court's opinion, justice requires be considered and resolved."), rev'd on other grounds 445 Mich 502; 519 NW2d 441 (1994).  Because the issue is insufficiently briefed, we now decline to craft defendant's argument for him.  *People v Van Tubbergen*, 249 Mich App 354, 365; 642 NW2d 368 (2002); *People v Watson*, 245 Mich App 572, 587; 629 NW2d 411 (2001).